UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DESMOND M. TURNER,            )
   Plaintiff,            )
            )
vs.            )   Case No. 23-1125
            )
JAMIE DAVIS,            )
   Defendant            )

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff says Officer Jamie Davis violated his constitutional rights at the Peoria County Jail. On March 24, 2023, Plaintiff attempted to mail "Power of Attorney" papers out of the jail and wrote "law" on the front and back of the envelope. (Comp, p. 5). Plaintiff says he was sending the documents to someone to look over, but he does not identify that individual.

Officer Raney returned the documents and advised Plaintiff Defendant Davis said they were not "law papers" and they needed to be opened. (Comp., p. 5). While not clearly stated, it appears Plaintiff sealed the envelope, but the jail required him to

1

leave it unsealed. Plaintiff says he has a constitutional right to send out legal mail without jail staff looking through his documents, and he is requesting $500,000 in damages. Plaintiff also claims he completed the grievance process at the jail before filing his complaint on March 28, 2023.

"Prisoners generally have no right to privacy in outgoing correspondence." *Mayberry v. Schlarf,* 2023 WL 2711073, at *2 (N.D.Ind. March 30, 2023), *citing United States v. Whalen*, 940 F.2d 1027, 1035 (7th Cir. 1991) ("because of their reasonable concern for prison security and inmates' diminished expectations of privacy, prison officials do not violate the constitution when they read inmates' outgoing letters."). Nonetheless, legal mail does have heightened protections due to the potential for interference with a prisoner's fundamental right of access to the courts. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999).

First, it is not clear if Plaintiff's letter was legal mail. Generally, legal mail is not only properly marked, but also is mail sent to or from a prisoner's attorney. *See i.e. Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010).

Second, "[a]n inmate has no constitutional claim for interference with legal mail unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded." *Lofquist v. Cecil*, 2020 WL 7074950, at *5 (S.D.Ill. Dec. 3, 2020), *citing Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). Plaintiff does not allege his power of attorney documents were relevant to a legal claim.

Most important, a single isolated incident of interference with legal mail, while wrong, does not amount to a constitutional violation." *Nitz v. Hall*, 2011 WL 13193297,

at *2 (C.D.Ill. June 16, 2011), *quoting Pettiford v. Himelick*, 2007 WL 1100791 at 2 (N.D. Ind., April 12, 2007); *see also Bruscino v. Carlson*, 654 F.Supp. 609, 618 (S.D. Ill. 1987) *aff'd,* 854 F.2d 162 (7th Cir. 1988)("isolated incidents of interference with legal mail" may not state a constitutional violation without a showing of "a systematic pattern or practice of interference"); *Harrison v. County of Cook, Ill.*, 2010 WL 457196 at 2 (7th Cir. Jan. 29, 2010) (opening legal outside Plaintiff's presence was not a violation because no detriment to a legal claim and no showing of continued practice of opening privileged mail.).

Plaintiff has failed to articulate a violation of his constitutional rights, and the Court does not believe Plaintiff can cure the stated deficiencies if given leave to amend.

IT IS THEREFORE ORDERED:

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed. All pending motions are denied as moot. [4, atty].

2) The dismissal may count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff

plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 17th day of April, 2023.

                                s/James E. Shadid
                                _____
                                JAMES E. SHADID
                                UNITED STATES DISTRICT JUDGE